IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH JONES, #77758, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-00735-JPG |
| ) | |
| RACHELLE BRAUN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Kenneth Jones, a detainee at Madison County Jail, filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. (Docs. 1 and 10). He complains of a delay in treating his broken right hand and further injury caused by an avoidable fight. (*Id.*). Plaintiff seeks monetary relief against Madison County Jail. (*Id.* at 8).

The First Amended Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A, which requires the Court to review prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### First Amended Complaint

Plaintiff sets forth the following allegations in the First Amended Complaint (Doc. 10, pp. 1-25): On or around April 26, 2021, Plaintiff slipped and fell in the shower at Madison County Jail and broke one or more bones in his right hand. He requested treatment for the injury on April

27, 2021, and the nurse met with him the same day. Plaintiff informed the nurse that his right hand was broken, and he was in a lot of pain. He requested x-rays and treatment.

Plaintiff did not undergo x-rays until May 2, 2021. Although they showed one or more fractures, Plaintiff did not receive the results until May 18, 2021. He was not sent for treatment with an outside provider until May 24, 2021. The provider, Dr. McKee, diagnosed Plaintiff with a fractured right fourth metacarpal with mild displacement. He explained that the injury required surgical intervention, but the delay in treatment rendered surgery impossible.

Plaintiff nevertheless demanded surgery when he met with the Jail's doctor to discuss the matter on May 25, 2021. Plaintiff explained that he was in significant pain and could not use his right hand. He was concerned that the untreated injury would prevent him from working long term. His request for surgery appears to have been denied.

Meanwhile, Plaintiff was placed on a high risk cell block, and his requests for protection were also ignored by staff. On June 3, 2021, Plaintiff got into a fight. While attempting to protect himself, he sustained further injuries to his hand. (*Id.*).

## Discussion

Based on these allegations, the Court finds it convenient to reorganize the *pro se* action into the following enumerated Counts:

> **Count 1:**   Defendants are liable to Plaintiff under the Federal Tort Claims Act for the delays in treatment of his right hand fracture that occurred at the Jail on April 26, 2021.
>
> **Count 2:**   Defendants are liable under the Eighth and/or Fourteenth Amendments for denying or delaying treatment for Plaintiff's right hand fracture that occurred at the Jail on April 26, 2021.
>
> **Count 3:**   Defendants are liable under the Eighth and/or Fourteenth Amendments for failing to protect Plaintiff from an inmate fight that caused further injury to his hand on June 3, 2021, after they left him housed in a high risk cell block with his fractured hand.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Count 1

Plaintiff brings this action under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. The only defendants he named in the case caption and list of defendants are Madison County Jail, in the original Complaint, and Nurse Rachelle Braun, in the First Amended Complaint. He cannot proceed with an FTCA claim against either one.

The FTCA provides jurisdiction for suits against the *United States* for torts committed by *federal* officers. 28 U.S.C. § 1346(b)(1). In other words, the "only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). *See* 28 U.S.C. § 2679(b). And, the claim arises from allegations of misconduct by *federal* agents. Plaintiff does not name the United States as a defendant, and he does not complain of misconduct by federal officers. Therefore, he cannot proceed with the FTCA claim herein. Count 1 shall be dismissed with prejudice against the defendant(s).

### Counts 2 and 3

Counts 2 and 3 arise under 42 U.S.C. § 1983, which provides for money damages and injunctive relief against defendants who violate a plaintiff's federally protected rights while acting under color of state law. *See* 42 U.S.C. § 1983. Plaintiff alleges deprivations of his Fourteenth and/or Eighth Amendment rights by state or local officials. Counts 2 and 3 are properly brought under Section 1983.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

However, Plaintiff does not actually refer to either defendant in the statement of his claim. He identified Madison County Jail as a defendant in the original Complaint and Rachelle Braun as a defendant in the First Amended Complaint. There is no mention of either defendant in the body of his complaints, and Plaintiff cannot state a claim against a defendant just by naming him or her as a party in the case caption of the complaint. Section 1983 instead creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Id*.

Nurse Braun is mentioned nowhere in the body of the complaints. There is no indication that she was involved in delaying or denying medical care for Plaintiff's right hand or in the decision to place Plaintiff in a high risk cell block. Plaintiff's generic reference to a "nurse" and a "doctor" in the statement of his claim is insufficient to state a claim against Nurse Braun.

Madison County Jail is not a "person" subject to suit under Section 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). A defendant must have the legal capacity to be sued. FED. R. CIV. P. 17(b). The Jail is not a legal entity at all.

Had he named Madison County instead, it would not have saved his claim(s). Governmental entities can only be held liable for the unconstitutional acts of employees that are carried out pursuant to an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff describes no policy or custom that caused the deprivation of his constitutional rights. *See id*.

If he wishes to pursue Counts 2 and 3, Plaintiff may file a Second Amended Complaint under 42 U.S.C. § 1983. He should list each defendant in the case caption. Plaintiff must set forth allegations describing what each defendant did, or failed to do, in violation of his rights. However,

he is obligated to follow the instructions and deadline in the disposition below and is warned that failure to do so shall result in dismissal of the action.  *See* FED. R. CIV. P. 41(b).

### Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 10) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  **COUNT 1** is **DISMISSED** with prejudice and **COUNTS 2** and **3** are **DISMISSED** without prejudice, all for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice because: (a) he has shown no efforts to find an attorney on his own before seeking the court's help; or (b) described any impediments to self-representation.  Plaintiff may renew his request by filing a separate motion after contacting at least three attorneys or law firms to request representation in this matter.  He should attach copies of his communications with these attorneys/firms to his new motion and describe any medical, mental health, educational, physical, language or other barriers to self-representation therein.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **October 1, 2021.**  Should Plaintiff fail to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form and motion for recruitment of counsel.

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and use the case number for this action (No. 21-cv-00735-JPG). He is reminded that an amended complaint generally supersedes and replaces all prior versions and renders them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 9/3/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**