## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH JONES, #77758,        )
                           )
           Plaintiff,       )
                           )
vs.                      )      Case No. 21-cv-00735-JPG
                           )
RACHELLE BRAUN,       )
                           )
          Defendant.    )

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the Second Amended Complaint filed by Plaintiff Kenneth Jones pursuant to 42 U.S.C. § 1983.  (Doc. 14).  Plaintiff complains of inadequate medical care for a broken right hand at Madison County Jail.  (*Id*. at 1-7).  He seeks monetary relief against Nurse Rachelle Braun.  (*Id*. at 8).

The Second Amended Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A, which requires the Court to review prisoner complaints and filter out non-meritorious claims.  28 U.S.C. § 1915A(a).  Any portion of the complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Second Amended Complaint

Plaintiff sets forth the following allegations in the Second Amended Complaint (Doc. 14, pp. 6-7): Plaintiff slipped and fell in the shower at Madison County Jail on April 26, 2021.  In the process, he broke one or more bones in his right hand.  Plaintiff requested treatment for the injury

on April 27, 2021, and Nurse Braun met with him the same day.  Plaintiff informed the nurse that his right hand was broken and in pain.  He requested x-rays and treatment.  (*Id.*).

Plaintiff did not receive x-rays until May 2, 2021, and he did not learn the results until May 18, 2021.  This was despite the fact that the x-rays revealed one or more fractures.  Plaintiff was not sent for treatment with an outside provider until May 24, 2021.  The doctor diagnosed him with a fractured right fourth metacarpal with mild displacement.  Although the injury required surgical intervention, the delay in treatment rendered surgery impossible.  (*Id.*).

Plaintiff nevertheless demanded surgery when he met with the Jail's doctor to discuss the matter on May 25, 2021.  He complained of significant pain and an inability to use his hand. Plaintiff expressed concern about the long term impact of the injury on his ability to work.  He was nevertheless sent back to a high risk cell block, where he got into a fight and further injured his hand while trying to defend himself.  (*Id.*).

<u>Discussion</u>

Based on these allegations, the Court finds it convenient to reorganize the *pro se* action into the following enumerated Counts:

> **Count 1:**   Defendant is liable under the Eighth or Fourteenth Amendment for denying or delaying treatment for Plaintiff's right hand fracture that occurred at the Jail beginning April 26, 2021.
>
> **Count 2:**   Defendant is liable under the Eighth or Fourteenth Amendment for failing to protect Plaintiff from an inmate fight that caused further injury to his hand on June 3, 2021.

**Any other claim that is mentioned in the Second Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Count 1

A pretrial detainee's Fourteenth Amendment due process claim challenging the denial of medical care involves two inquiries.  The first "focuses on the intentionality of the individual defendant's conduct" and "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case."  *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted).  The second asks "whether the challenged conduct was objectively reasonable" based on "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable."  *Id.*  The allegations articulate a claim against Nurse Braun under this standard.

A convicted prisoner's Eighth Amendment claim for the denial of medical care also involves two inquiries.  *Zaya v. Sood,* 836 F.3d 800, 804 (7th Cir. 2016).  First, the plaintiff must demonstrate that he suffered from an objectively serious medical condition.  *Id.*  Second, he must allege that the defendant responded to it with deliberate indifference.  *Id.*  The allegations also support a claim against Nurse Braun under this standard.

Whether Plaintiff was a pretrial detainee, triggering Fourteenth Amendment due process protections, or a convicted prisoner, triggering the Eighth Amendment prohibition against cruel and unusual punishment, Count 1 survives screening against Nurse Braun.

### Count 2

The same cannot be said of Count 2.  This claims arises from the failure to protect Plaintiff from the unreasonable risk of further injury when returning him to a high risk cell block.  However, the allegations do not suggest that Nurse Braun had any involvement in the decision to return Plaintiff to the cell.  Section 1983 creates a cause of action based on personal liability and

3

predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Id*. The allegations do not suggest that the nurse participated in or caused this fight (and further injury) to occur. Count 2 shall therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Disposition

**IT IS ORDERED** that the Second Amended Complaint (Doc. 14) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will receive further review against Defendant **RACHELLE BRAUN**, and **COUNT 2** is **DISMISSED** without prejudice against Defendant **RACHELLE BRAUN** for failure to state a claim for relief. **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

**Because Count 1 arises from the alleged denial of dental care, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **RACHELLE BRAUN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 14), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the

employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/22/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.