IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-cv-735-RJD ) ) |
| RACHELLE BRAUN, | ) ) |
| Defendant. | ) ) |

**ORDER**

**DALY, Magistrate Judge:**

Formerly detained at the Madison County Jail in Edwardsville, Illinois, Plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983.  Doc. 15.  He alleges that Defendant Braun violated his 14th Amendment due process rights by denying or delaying treatment to his right-hand fracture that occurred at the jail on April 27, 2021.  *Id*.  This matter comes before the Court on Defendant's Motion for Summary Judgment.  Doc. 53.  Plaintiff filed a Response (Doc. 56), and Defendant filed a Reply (Doc. 58).  As explained further, Defendant's Motion is GRANTED.

**Material Facts**

Defendant Rachelle Braun worked as a registered nurse at the Madison County Jail from 2020-2022.  Doc. 53-5, pp. 3, 7.  Plaintiff was detained at the Madison County Jail from July 3, 2020 through July 29, 2021.  Doc. 53-1; Doc. 53-2, p. 6.  On April 27, 2021, Plaintiff slipped in the shower and "started feeling pain" in his hand.  Doc. 53-2, pp. 7-8.  The hand started to swell and appear deformed.  *Id*., p. 8.  He filled out and submitted a sick call slip "in the nighttime." *Id*.  The next morning, he was "basically the first patient" seen by the medical staff.  *Id*.

Defendant Braun and two other nurses were in the exam room. *Id*., p. 9. Defendant Braun told Plaintiff that "his hand was not broken" and "there was nothing wrong with it." *Id*., p. 9. He received Tylenol and an ice pack. *Id*., p. 8. Plaintiff demanded x-rays. *Id*., p. 8.

Nurse Practitioner Mary Dambacher ordered x-rays of Plaintiff's hand. Doc. 53-3. X-ray imaging occurred on May 1, 2021. Doc. 53-2, p. 8. The radiology report stated "[t]here is a fracture involving right 4th metacarpal with mild displacement. There is associated soft tissue swelling." Doc. 53-3. The medical staff requested the x-ray films. Doc. 53-5, p. 8.

On or about May 2, 2021, Nurse Practitioner Dambacher told Defendant Braun to make an appointment for Plaintiff with a surgeon hand specialist, Dr. McKee. *Id.*, pp. 8, 10. Defendant Braun made the appointment with Dr. McKee for May 18, 2021. Doc. 53-2, pp. 9, 10; Doc. 53-5, p. 8. Defendant Braun testified that "usually Dr. McKee would see [the detainees] as soon as possible" so the approximate two-week delay for Plaintiff to see Dr. McKee was unusual, but Dr. McKee's schedule "didn't permit" seeing Plaintiff sooner. *Id*. She also testified that Dr. McKee was the only hand specialist "that we used at the jail" and that considering "the type of injury" Plaintiff had, it was not unreasonable to wait until May 18 for the appointment. *Id*. By May 18, 2021, the medical staff at the jail still did not have Plaintiff's x-ray films. *Id.* Defendant Braun testified that "we had to request them again and further make another appointment a few days later. So that was part of the delay of getting him to see Dr. McKee." *Id.*

Plaintiff saw Dr. Mckee on May 24, 2021. Doc. 53-2, p. 10. Dr. McKee told Plaintiff to "avoid further trauma in the next couple of weeks" and "continue to use your hand"; Dr. McKee also said that he did not recommend surgical intervention. *Id*.; Doc. 53-6. Plaintiff testified at his deposition that Dr. McKee said Plaintiff could not have surgery because "the medical staff

didn't get [Plaintiff] to [Dr. McKee] in time to get the surgery done." Doc. 53-2, p. 11.[1] Dr. McKee testified at his deposition that "the two-week delay had nothing to do with it." Doc. 58-1, p. 19.

Plaintiff received Tylenol throughout May, but it did not alleviate his pain. *Id*., pp. 8, 10. Nurse Braun did not request stronger pain medication for him because "all [the medical staff] ever dispensed was Tylenol." Doc. 53-5, p. 11.

## Summary Judgment Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

---

[1] Plaintiff's deposition testimony regarding Dr. McKee's statement appears to be hearsay. *Bombard v. Ft. Wayne Newspapers, Inc.*, 92 F.3d 560, 564 (7th Cir. 1996). Defendant does not raise a hearsay objection.

**Discussion**

Under the Fourteenth Amendment Due Process Clause, pretrial detainees have a right to adequate medical care while they are in jail awaiting trial. *McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018). A "two-step inquiry" determines whether summary judgment should be granted in favor of Defendant Braun. *Id*. First, the Court "asks whether [Defendant] acted purposefully, knowingly, or perhaps even recklessly" when she considered the "consequences of [her] handling of [Plaintiff's] case." *Id*. Second, the Court considers whether her "challenged conduct was objectively reasonable" in light of all the facts and circumstances.[2] *Id.*

Here, Plaintiff contends that treatment for his broken hand was delayed, causing him pain. However, nothing in the record suggests that Defendant purposefully, knowingly, or recklessly delayed his appointment with Dr. McKee. Defendant testified that she was surprised Dr. McKee's first available appointment was May 18, 2021 (20 days after Plaintiff fell), but the wait time-while unusual-was not unreasonable for a hand fracture. Plaintiff then had to wait an additional six days because the jail did not have his x-ray images, but the evidence does not reflect that Defendant purposefully, knowingly, or recklessly delayed obtaining Plaintiff's x-rays films for his appointment with Dr. McKee. Plaintiff contends that his case should survive summary judgment because Dr. McKee told him he was not a surgical candidate because of the delay for the initial appointment. Even if the Court considers this evidence (despite the rule against hearsay), it does not create a genuine issue of material fact. No facts or circumstances indicate that Defendant "foresaw or ignored the potential consequences of her actions": that Plaintiff would

---

[2] Unlike an Eighth Amendment deliberate indifference claim, the Court does not consider any subjective belief held by Defendant. *Id*.

not be able to undergo hand surgery and/or would have increased pain from the delay.  *Id*. at 887.

As for the second inquiry, the record contains no facts or circumstances that suggest Defendant acted objectively unreasonable in her treatment of Plaintiff.  Defendant followed orders by Nurse Practitioner Dambacher and Plaintiff ultimately saw a specialist within one month of his injury.  Even if the jury inferred that Defendant acted negligently (perhaps by not following-up with the x-ray provider earlier than May 18), negligence or even gross negligence does not suffice for a Constitutional claim of inadequate medical care.  *Id*.

## Conclusion

Overall, no reasonable jury could conclude that Defendant Braun violated Plaintiff's 14th Amendment due process rights.  Defendant's Motion for Summary Judgment is GRANTED.  Plaintiff's claim against Defendant Braun is DISMISSED WITH PREJUDICE.  The Clerk of Court is directed to enter judgment accordingly.  All court settings and deadlines are vacated.

**IT IS SO ORDERED.**

**DATED:   September 18, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**